**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVE ONEAL GEORGE,

        Petitioner,

vs.                                   Case No.:   3:18-cv-419-MMH-JBT
                                                      3:14-cr-178-MMH-JBT

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This case is before the Court on Steve Oneal George's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1, § 2255 Motion).[1] George pleaded guilty to one count of conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of cocaine base, and a quantity of methylone and marijuana. (Crim. Doc. 210, Judgment). George also pleaded guilty to one count of using and carrying a firearm during and in relation to a drug trafficking crime, possessing a firearm in furtherance of a drug trafficking crime, and aiding and abetting the same. Id.[2] George alleges that the ineffective assistance of his counsel rendered his guilty pleas unknowing and involuntary.

---

[1]     Citations to the record in the underlying criminal case, United States vs. Steve Oneal George, No. 3:14-cr-178-MMH-JBT, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:18-cv-419-MMH-JBT, will be denoted "Civ. Doc. __."

[2]     George was also convicted of breaking or entering a carrier facility in Case Number 3:15-cr-19-MMH-JBT. However, George does not challenge that conviction here.

1

The United States has responded in opposition. (Civ. Doc. 5, Response). George has filed a reply brief. (Civ. Doc. 6, Reply). Thus, the case is ripe for a decision.

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[3], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[4] For the reasons below, George's § 2255 Motion is due to be dismissed as time barred.

## I.   Background

On November 6, 2014, a federal grand jury returned a two-count Indictment against George. (Crim. Doc. 1, Indictment). In Count One of the Indictment, the United States charged George and four codefendants with

---

[3]   Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[4]   Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

conspiracy to distribute 500 grams or more of cocaine, 28 grams or more of crack cocaine, and a quantity of methylone and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(C), and 846. Id. at 1-2. In Count Two of the Indictment, the United States charged George and three codefendants with using and carrying a firearm during and in relation to a drug trafficking crime, possessing a firearm in furtherance of a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c). Id. at 2-3.

On August 25, 2015, George appeared before the Honorable Joel B. Toomey to enter guilty pleas to the charges in the Indictment pursuant to a written Plea Agreement. (Crim. Doc. 113, Plea Agreement; Crim. Doc. 246, Competency Hearing and Change-of-Plea Transcript). Before conducting a plea colloquy, the Magistrate Judge first addressed the issue of George's competency to plead guilty. Consistent with a competency report prepared by Dr. Alan Harris, George and the United States stipulated that George was competent to stand trial. (Crim. Doc. 110, Stipulation of Competency and Competency Report). Based on the Stipulation of Competency and the Competency Report, the Magistrate Judge concluded that George was competent to proceed. Comp. Hrg. & Plea Tr. at 2-7. He then proceeded to conduct a thorough plea colloquy as required by Rule 11 of the Federal Rules of Criminal Procedure.

With respect to Count One, George admitted that between November 2012 and September 2013, in Duval County, Florida, he and four other

3

individuals pooled their money to purchase narcotics with the intent to distribute them later. Id. at 31-32; Plea Agreement at 20-21. George admitted that (1) he and his codefendants agreed to accomplish a shared unlawful plan to distribute cocaine, crack cocaine, methylone, and marijuana, (2) he knew the unlawful purpose of the plan and willfully joined it, and (3) the object of the plan was to distribute 500 grams or more of cocaine, 28 grams or more of crack cocaine, as well as methylone and marijuana. Plea Agreement at 19-21. As to Count Two, George admitted that (1) he committed the drug trafficking crime alleged in Count One of the Indictment, (2) he knowingly used, carried, and possessed a firearm, and (3) he used and carried a firearm in relation to the drug trafficking crime, and he possessed a firearm in furtherance of the same crime. Id. at 19. Specifically, George admitted that during the conspiracy, "George carried a firearm, which he displayed, when selling narcotics, including cocaine, 'crack' and 'molly.' George also provided protection to his co-conspirators when they were selling drugs by displaying a firearm to narcotics purchasers." Id. at 20. The Magistrate Judge reported:

> After cautioning and examining Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty pleas were knowledgeable and voluntary as to each Count, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses. I therefore recommend that the pleas of guilty be accepted and that Defendant be adjudged guilty and have sentence imposed accordingly.

4

(Crim. Doc. 114, Report and Recommendation Concerning Plea of Guilty). The Court accepted George's guilty pleas and adjudicated him guilty of the offenses charged in the Indictment. (Crim. Doc. 133, Acceptance of Plea).

The case proceeded to sentencing on September 6, 2016, at which the Court sentenced George to a term of 45 months in prison as to Count One, followed by a consecutive term of 60 months in prison as to Count Two, for a total term of 105 months in prison. (See Crim. Doc. 208, Minute Entry of Sentencing; Crim. Doc. 235, Sentencing Transcript); Judgment.

The Court entered judgment on September 8, 2016. George did not file a notice of appeal. As such, George's conviction and sentence became final on September 22, 2016, when the 14-day period to file a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A); Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). George filed the § 2255 Motion on March 13, 2018, about 18 months after his conviction and sentence became final. See § 2255 Motion at 13.

### II. George's § 2255 Motion

George raises three grounds in the § 2255 Motion. As Ground One, he alleges that his conviction violates due process because his guilty plea was not intelligent, knowing, and voluntary. § 2255 Motion at 4-5. George contends that counsel told him he would be sentenced to life in prison if he did not plead guilty, allowed George to admit to possessing a non-existent weapon, and did not

5

advise George of the option to enter an open guilty plea or a guilty plea only to Count One. George also alleges that he was unaware of the elements of the § 924(c) charge. He argues that he did not understand the concept of constructive possession, and he did not understand that the possession of any firearm had to be in furtherance of a drug trafficking crime. George's Ground Two is related to Ground One. See id. at 7. George alleges that counsel misunderstood or misrepresented the law concerning § 924(c), which caused George to unknowingly plead guilty. Id. Finally, in Ground Three, George asserts that he "was deprived of any meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal." Id. at 9. He says that trial counsel "did not advise Mr. George concerning ineffective assistance of counsel, or appeal." Id. Regarding the timeliness of the § 2255 Motion, George states: "This motion is timely because it is the court's procedural framework that cause [sic] any procedural default." Id. at 12 (citing Trevino v. Thaler, 569 U.S. 413 (2013)).

In response, the United States argues that the § 2255 Motion should be dismissed as untimely because George filed it more than one year after his conviction and sentence became final. Response at 5-6. The United States also argues that George's challenge to the validity of his guilty plea is procedurally defaulted, id. at 7-9, that the default cannot be excused under the cause-and-prejudice or actual innocence exceptions, id. at 9-15, and that George's claims lack merit, id. at 15-22.

6

In his Reply, George asserts that he did not physically possess a firearm, that the firearm belonged to a codefendant, and that the gun was not related to the drug trafficking crime. Reply at 7-9. George insists that defense counsel had "overwhelming physical evidence to prove his innocence," but that counsel used "scare tactics" to get George to admit to conduct that he did not commit. Id. at 9; (see also Civ. Doc. 6-2, Reply Ex. B, Affidavit). George also alleges that counsel's advice to plead guilty ignored the Supreme Court's decision in Rosemond v. United States, 572 U.S. 65 (2014). Reply at 9. In Rosemond, the Supreme Court held that to prove a defendant guilty of aiding and abetting a violation of 18 U.S.C. § 924(c), "the Government makes its case by proving that the defendant actively participated in the underlying drug trafficking or violent crime with advance knowledge that a confederate would use or carry a gun during the crime's commission." Rosemond, 572 U.S. at 67. George contends he lacked advance knowledge that any of his confederates would use or carry a firearm in relation to the drug trafficking crime. Reply at 9.

### III.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may move to vacate, set aside, or correct his sentence within a one-year limitations period. 28 U.S.C. § 2255(f). The statute of limitations runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

7

>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017) (quoting 28 U.S.C. § 2255(f)(1)).

Because § 2255(f) "is a garden-variety statute of limitations, and not a jurisdictional bar," Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999), a court "may equitably toll the statute of limitations if the inmate untimely filed due to extraordinary circumstances outside of his control and unavoidable with diligence," Mims v. United States, 758 F. App'x 890, 892 (11th Cir. 2019) (citing Jones v. United States, 304 F.3d 1035, 1039 (11th Cir. 2002)). "Further, a showing of actual innocence provides an exception to the time-bar under AEDPA." Id. (citing McQuiggin v. Perkins, 569 U.S. 383, 386, 394-95 (2013)).

8

Here, George's § 2255 Motion is untimely under § 2255(f). His conviction and sentence became final on September 22, 2016, when time expired to file a notice of appeal. George did not file the § 2255 Motion until March 13, 2018, about 18 months after his conviction and sentence became final. See § 2255 Motion at 13. Because George did not file the § 2255 Motion until more than a year after his conviction and sentence had become final, the Motion is not timely under § 2255(f)(1). George does not allege, nor is there any indication, that his § 2255 Motion is timely under the alternative accrual dates set forth in §§ 2255(f)(2)-(4). Indeed, the law and the facts underpinning George's allegations have been available, or were known to George, since the date his conviction and sentence became final.

Citing Trevino v. Thaler, 569 U.S. 413, George asserts that his § 2255 Motion is timely "because it is the court's procedural framework that cause[d] any procedural default." § 2255 Motion at 12. George does not elaborate on what he means by this, but George's allegations in Ground Three offer some context. There, George asserts that he was denied the opportunity to raise a claim of ineffective assistance of counsel on direct appeal because (1) "[t]rial counsel did not advise Mr. George concerning ineffective assistance [of] counsel, or appeal," (2) George can no longer raise an ineffective assistance claim on direct appeal, and counsel "was not obligated to advise him that he was ineffective," and (3) George has no right to counsel in a § 2255 proceeding. § 2255 Motion at 9. Thus,

9

according to George, "it is the court's procedural framework that made it highly unlikely that Mr. George, or any other underprivileged minority for that matter, would have a meaningful opportunity to raise a claim of ineffective assistance of counsel." Id. Liberally construing these allegations, George appears to assert he is entitled to equitable tolling because trial counsel failed to advise him about raising a claim of ineffective assistance of counsel on direct review and because George lacked the assistance of counsel in preparing the § 2255 Motion.

These allegations do not support a finding that equitable tolling is appropriate in this case. "The petitioner has the burden of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." Jones, 304 F.3d at 1040 (emphasis in original) (quoting Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000)). That trial counsel did not advise George about raising an ineffective assistance of counsel claim on direct appeal is not an "extraordinary circumstance." Rather, it is an ordinary circumstance. The Eleventh Circuit discourages defendants from raising ineffective assistance claims on direct appeal because "a factual basis for the claim, almost never developed before a direct appeal, can be established during the collateral attack." United States v. Padgett, 917 F.3d 1312, 1317 (11th Cir. 2019) (citation omitted). Indeed, the Supreme Court has stated that "in most cases a motion brought under § 2255 is preferable to direct appeal for

10

deciding claims of ineffective assistance." Massaro v. United States, 538 U.S. 500, 504 (2003). Nor is the fact that George had to prepare his § 2255 Motion without the assistance of counsel, despite being a layman in the law, an "extraordinary circumstance." Lack of counsel is the norm for § 2255 movants challenging a non-capital sentence, yet the vast majority of pro se § 2255 movants manage to file their motions within AEDPA's one-year limitations period. Similarly, "a lack of knowledge of the law is not in any way rare, and is probably the rule rather than exception among prisoners." Fonseca v. McNeil, No. 08-80777-CIV, 2009 WL 196095, at *5 (S.D. Fla. Jan. 27, 2009). Still, pro se litigants "are deemed to know of the one-year statute of limitations," Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007), and the Eleventh Circuit has "not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion," Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (citing Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). As such, George's allegations do not establish that he is entitled to equitable tolling of § 2255(f)'s statute of limitations.

George's reliance on Trevino v. Thaler is misplaced. In Trevino, the Supreme Court built on its prior holding in Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309 (2012). In Martinez, the Supreme Court held that

11

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17, 132 S. Ct. at 1320 (emphasis added). In Trevino, the Supreme Court extended Martinez to situations where state law practically requires a prisoner to raise a claim of ineffective assistance of trial counsel (IATC) for the first time on collateral review, even if state law theoretically allows a defendant to raise an IATC claim on direct appeal. Trevino, 569 U.S. at 429. But neither Trevino nor Martinez concerned equitable tolling or § 2255(f)'s statute of limitations. As the Eleventh Circuit has explained, the rules announced in Trevino and Martinez "do[ ] not apply to AEDPA's statute of limitations or the tolling of that period." Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014).

> The § 2254 ineffective-trial-counsel claims in Martinez and Trevino were not barred by AEDPA's one-year limitations period. Instead, those § 2254 claims were dismissed under the doctrine of procedural default because the petitioners never timely or properly raised them in the state courts under the states' procedural rules. At no point in Martinez or Trevino did the Supreme Court mention the "statute of limitations," AEDPA's limitations period, or tolling in any way.

Id. Thus, Trevino does not support George's claim for equitable tolling.

The actual innocence exception affords George no relief from the statute of limitations either. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998) (citation

12

omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" McQuiggin, 569 U.S. at 399 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "To be credible," a claim of actual innocence "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324.

George has not offered any new reliable evidence of innocence. He contends he is not guilty of the § 924(c) charge because he did not actually or constructively possess a firearm in relation to a drug trafficking crime. These claims are based on George's own self-serving allegations, which directly contradict his sworn statements during the change-of-plea colloquy. At the change-of-plea colloquy, George stated under oath that he (1) committed the drug trafficking crime alleged in Count One of the Indictment, (2) knowingly used, carried, and possessed a firearm, and (3) used and carried the firearm in relation to, and possessed the firearm in furtherance of, the drug trafficking crime. Comp. Hrg. & Plea Tr. at 33-34; Plea Agreement at 19. Specifically, he admitted that throughout the conspiracy, "George carried a firearm which he displayed when selling narcotics, including cocaine, crack, and Molly. George also provided protection to his co-conspirators when they were selling drugs by

13

displaying the firearm to narcotics purchasers." Comp. Hrg. & Plea Tr. at 31-32; Plea Agreement at 20.

The Supreme Court has explained that for purposes of "using" or "carrying" a firearm under § 924(c), the phrase "during and in relation to" means "the gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense." Smith v. United States, 508 U.S. 223, 238 (1993). Alternatively, "a defendant possesses a firearm in furtherance of a crime when 'the firearm helped, furthered, promoted, or advanced the drug trafficking.'" United States v. Miranda, 666 F.3d 1280, 1283 (11th Cir. 2012) (emphasis added) (quoting United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002)). The facts that George admitted demonstrate that he "used" and "carried" a firearm "during and in relation to" the drug trafficking conspiracy because he carried and displayed the firearm while he or his co-conspirators were selling narcotics, partly as a means to protect his co-conspirators while selling drugs. Thus, George's carrying of the firearm undoubtedly "facilitate[d], or ha[d] the potential of facilitating, the drug trafficking offense." Smith, 508 U.S. at 238. Similarly, the facts admitted by George establish that he possessed a firearm in furtherance of a drug trafficking crime because his possession of

14

"the firearm helped, furthered, promoted, or advanced the drug trafficking." Miranda, 666 F.3d at 1283.[5]

"[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Given that George's admissions were made under oath, "he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam). George's uncorroborated, self-serving allegations do not meet that heavy burden. Given the law and the facts admitted by George, he has failed to establish that he qualifies for the actual innocence exception.

Accordingly, George's § 2255 Motion is untimely, and George has failed to show that he can avoid the statute of limitations under the equitable tolling or actual innocence exceptions.

### IV. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, George "must

---

[5] Because George admitted that he actually used, carried, or possessed a firearm, the Court need not address his argument that he did not "aid and abet" a violation of § 924(c) under Rosemond, 572 U.S. 65.

15

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Steve Oneal George's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED**.

2. The Clerk is directed to enter judgment in favor of the United States and against George, and close the file.

3. If George appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of March, 2021.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner